PER CURIAM.
The Florida Bar (“the Bar”) petitions this Court to amend chapters 6 and 16 of the Rules Regulating The Florida Bar. We have jurisdiction. Art. V, §. 15, Fla. Const.
Under chapter 6 (Legal Specialization and Education Programs), the Bar proposes the adoption of subehapter 6-21 establishing a new area of certification for attorneys who practice in the field of international law. The proposed subehapter defines the field of law, specifies the minimum standards for certification, and provides the requirements for recertification.
Under chapter 16 (Foreign Legal Consultancy Rule), the Bar proposes the deletion of the January 1,1998, sunset provision of rule 16-1.7.
The Bar has complied with all notice and publication requirements as to both of these proposed amendments, and no adverse comments have been received on either of them. Accordingly, and upon consideration of the proposed amendments, we adopt subchapter 6-21 and delete rule 16-1.7 as reflected in the appendix to this opinion. New language is indicated by underscoring, deletions by strike-through type. These amendments shall become effective on January 1, 1998, at 12:01 a.m.
It is so ordered.
*1262 KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
APPENDIX
6-21. STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED INTERNATIONAL LAWYER
RULE 6-21.1 GENERALLY
A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a “Board Certified International Lawyer.” The purpose of the standards is to identify those lawyers who practice in the area of international law and have the special knowledge, skills, and proficiency to be properly-identified to the public as certified international lawyers.
RULE 6-21.2 DEFINITIONS
(a) International Law. “International law” is the practice of law dealing with issues, problems, or disputes arising from any and all aspects of the relations between or among states and international organizations as well as the relations between or among nationals of different countries, or between a state and a national of another state, including transnational business transactions, multinational taxation, customs, and trade. The term “international law” includes foreign and comparative law.
(b) Practice of Law. The “practice of law” for this area is defined as set out in rule 6-3.5(c)(1). Practice of law that otherwise satisfies these requirements but that is on a part-time basis will satisfy the requirement if the balance of the applicant’s activity is spent as a teacher of international law subjects in an accredited law school.
RULE 6-21.3 MINIMUM STANDARDS
(a) Minimum Period of Practice. The applicant shall have been engaged in the practice of law, either in the United States or abroad, and shall have been a member in good standing of the bar of any state of the United States or the District of Columbia for a period of not less than 5 years as of the date of application. The years of law practice need not be consecutive. Receipt of an LL.M. degree in international law, as defined in rule 6-21.2(a), or in such other field as may be approved by the international law certification committee, shall be deemed to constitute 1 year of the practice of law requirement, but not the 5-year bar membership requirement, specified in this subdivision.
(b) Substantial Involvement. The applicant shall demonstrate substantial involvement in the practice of international law during each of the 3 years immediately preceding the date of application. Except for the 2 years immediately preceding application, receipt of an LL.M. degree, as defined in rule 6-21.2(a), may substitute for 1 year of substantial involvement. Substantial involvement shall mean that the applicant has devoted 50 percent or more of the applicant’s practice to matters in which issues of international law played a significant role and in which the applicant had substantial and direct participation. For purposes of this subdivision, time devoted to lecturing on or writing about international law may be included. Although demonstration of compliance with this requirement shall be made initially through a form approved by the international law certification committee, the international law certification committee may at its option require written or oral supplementation.
(c) Education. The applicant shall demonstrate that during the 3-year period immediately preceding the date of application, the applicant has completed at least 75 hours of continuing legal education in the field of international law. This requirement can be met through: attendance at continuing legal education seminars on international law; satisfactory completion of graduate level law school courses while enrolled in an LL.M. program in international law or comparative law; satisfactory completion of graduate level law school courses involving international law aspects while enrolled in a graduate law program; lecturing at continuing legal education seminars on international law; authoring articles or books on international law; or teaching courses on international law at an accredited law school. The international law certification committee shall promulgate uni *1263 form regulations for the operation of the subdivision.
(d) Peer Review. The applicant shall submit the names and addresses of 5 other attorneys or judges who are familiar with the applicant’s practice, excluding individuals who currently are employed by the same employer as the applicant, and who can attest to the applicant’s special competence and substantial involvement in international law. The international law certification committee may at its option send reference forms to other attorneys and judges.
(e) Examination. The applicant shall take and pass an examination designed to demonstrate sufficient knowledge, skills, and proficiency in international law to justify the representation of special competence to the legal profession and the public.
RULE 6-21.4 RECERTIFICATION
Recertification shall be pursuant to the following standards:
(a) Substantial Involvement. The applicant shall demonstrate continuous and substantial involvement in the practice of international law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in rule 6-21.3(b).
(b) Education. The applicant shall show completion of at least 75 hours of continuing legal education in international law since the filing of the last application for certification. In determining whether an applicant has satisfied this requirement, the standards set forth in rule 6-21.3(c) shall be followed.
(c) Peer Review. The applicant shall submit the names and addresses of 5 other attorneys or judges who are familiar with the applicant’s practice, excluding individuals who currently are employed by the same employer as the applicant, and who can attest to the applicant’s special competence and substantial involvement in international law. The international law certification committee may at its option send reference forms to other attorneys and judges.
(d) Examination. If, after reviewing the material submitted for recertification, the international law certification committee determines that the applicant may not meet the standards established by this chapter, it may require, as a condition of recertification, that the applicant take and pass the examination specified in rule 6-21.3(e).
CHAPTER 16. FOREIGN LEGAL CONSULTANCY RULE
RULE 16-1.1 PURPOSE
The purpose of this chapter is to permit a person who is admitted to practice in a foreign country as an attorney, counselor at law, or the equivalent to act as a foreign legal consultant in the state of Florida. This chapter authorizes an attorney licensed to practice law in 1 or more foreign countries to be certified by the Supreme Court of Florida, without examination, to render services in this state as a legal consultant regarding the laws of the country in which the attorney is admitted to practice.
RULE 16-1.2 DEFINITIONS
A foreign legal consultant is any person who:
(a) has been admitted to practice in a foreign country as an attorney, counselor at law, or the equivalent for a period of not less than 5 of the 7 years immediately preceding the application for certification under this chapter;
(b) has engaged in the practice of law of such foreign country for a period of not less than 5 of the 7 years immediately preceding the application for certification under this chapter and has remained in good standing as an attorney, counselor at law, or the equivalent throughout said period;
(c) is admitted to practice in a foreign country whose professional disciplinary system for attorneys is generally consistent with that of The Florida Bar;
(d) has not been disciplined for professional misconduct by the bar or courts of any jurisdiction within 10 years immediately preceding the application for certification under this chapter and is not the subject of- any such disciplinary proceeding or investigation pending at the date of application for certification under this chapter;
(e) has not been denied admission to practice before the courts of any jurisdiction *1264 based upon character or fitness during the 15-year period preceding application for certification under this chapter;
(f) has submitted, pursuant to requirements determined by the Supreme Court of Florida, an application for certification under this chapter and the appropriate fees;
(g) agrees to abide by the applicable Rules Regulating The Florida Bar and submit to the jurisdiction of the Supreme Court of Florida for disciplinary purposes;
(h) is over 26 years of age;
(i) maintains an office in the state of Florida for the rendering of services as a foreign legal consultant; and
(j) has satisfied, in all respects, the provisions of rule 16-1.4.
RULE 16-1.3 ACTIVITIES
(a) Rendering Legal Advice. A person certified as a foreign legal consultant under this chapter may render legal services in the state of Florida; provided, however, that such services shall:
(1) be limited to those regarding the laws of the foreign country in which such person is admitted to practice as an attorney, counselor at law, or the equivalent;
(2) not include any activity or any service constituting the practice of the laws of the United States, the state of Florida, or any other state, commonwealth, or territory of the United States or the District of Columbia including, but not limited to, the restrictions that such person shall not:
(A) appear for another person as attorney in any court or before any magistrate or other judicial officer or before any federal, state, county, or municipal governmental agency, quasi-judicial, or quasi-governmental authority in the state of Florida, or prepare pleadings or any other papers in any action or proceedings brought in any such court, or before any such judicial officer, except as authorized in any rule of procedure relating to admission pro hac vice, or pursuant to administrative rule;
(B) prepare any deed, mortgage, assignment, discharge, lease, agreement of sale, or any other instrument affecting title to real property located in the United States, or personal property located in the United States, except where the instrument affecting title to such property is governed by the law of a jurisdiction in which the foreign legal consultant is admitted to practice as an attorney, counselor at law, or the equivalent;
(C) prepare any will or trust instrument affecting the disposition of any property located in the United States and owned by a resident thereof nor prepare any instrument relating to the administration of a decedent’s estate in the United States;
(D) prepare any instrument with respect to the marital relations, rights, or duties of a resident of the United States or the custody or care of the children of such a resident;
(E) render professional legal advice on the law of the State of Florida, the United States, or any other state, subdivision, commonwealth, or territory of the United States, or the District of Columbia (whether rendered incident to the preparation of a legal instrument or otherwise); or
(F) render any legal services without utilizing a written retainer agreement that shall specify in bold type that the foreign legal consultant is not admitted to practice law in the state of Florida nor licensed to advise on the laws of the United States or any other state, commonwealth, territory, or the District of Columbia, unless so licensed, and that the practice of the foreign legal consultant is limited to the laws of the foreign country where such person is admitted to practice as an attorney, counselor at law, or the equivalent.
(b) Representing Status as Member of The Florida Bar. Foreign legal consultants certified to render services under this chapter shall not represent that they are admitted to The Florida Bar or licensed as an attorney or foreign legal consultant in another state, commonwealth, territory, or the District of Columbia, or as an attorney, counselor at law, or the equivalent in a foreign country, unless so licensed. Persons certified under this chapter shall not use any title other than “Foreign Legal Consultant, Not Admitted to Practice Law in Florida,” although such person’s authorized title and firm name in the foreign country in which *1265 the person is admitted to practice as an attorney, counselor at law, or the equivalent may be used if the title, firm name, and the name of the foreign country are stated together with the above-mentioned designation.
Foreign legal consultants certified under this chapter must provide clients with a letter disclosing the extent of professional liability insurance coverage maintained by the foreign legal consultant, if any, as well as an affirmative statement advising the client that any client aggrieved by the foreign legal consultant will not have access to the Clients’ Security Fund of The Florida Bar. The letter must further include the list of activities that the foreign legal consultant certified under this chapter is prohibited from engaging in, as set out in rule 16-1.3(a)(2)(A)-(F).
RULE 16-1.4 CERTIFICATION
(a) Commencement of Permission to Perform Services. Permission for á foreign legal consultant to render legal services under this chapter shall become effective upon the filing of an application and certification, with respect to an applicant, by the International Law Section of The Florida Bar, of the requirements of rules 16-1.2(a) through (j) and 16-1.3(a) and (b) herein. In addition to any other evidence that The Florida Bar, in its • discretion, may require, the application shall include the filing and approval of:
(1) a duly authenticated certificate from the entity governing the practice of law in the foreign country in which the applicant is licensed to practice, which shall be accompanied by the official seal, if any, of such entity, and which shall certify:
(A) the entity’s jurisdiction in such matters;
(B) the applicant’s admission to practice in such foreign country and the date thereof;
(C) the applicant’s good standing as an attorney, counselor at law, or the equivalent; and
(D) whether any charge or complaint has ever been filed against the applicant with such entity, and if so, the substance of each such charge or complaint and the adjudication or disposition thereof;
(2) a letter of recommendation signed by and with the official seal, if any, of 1 of the members of the executive body of such entity or from 1 of the judges of the highest court of law of such foreign country, certifying to the applicant’s professional qualifications;
(3) a letter of recommendation from at least 2 attorneys, counselors at law, or the equivalent admitted in and practicing in such foreign country, setting forth the length of time, when, and under what circumstances they have known the applicant and their appraisal of the applicant’s moral character;
(4) a letter of recommendation from at least 2 members in good standing of The Florida Bar, setting forth the length of time, when, and under what circumstances they have known the applicant and their appraisal of the applicant’s moral character;
(5) á sworn statement by the applicant that the applicant:
(A) has read and is familiar with the Rules of Professional Conduct as adopted by the Supreme Court of Florida and will abide by, and be subject to, the provisions thereof;
(B) submits to the jurisdiction of the Supreme Court of Florida for disciplinary purposes, as defined in chapter 3 of these rules and rule 16-1.6. The statement by the applicant must also authorize notification to the entity governing the practice of law in the foreign country in which the applicant is licensed to practice of any disciplinary action taken against the applicant in Florida; and
(C) shall comply with the requirements of rule 16 — 1.3(b) regarding disclosure;
(6) a written commitment to notify the court of any resignation or revocation of the foreign legal consultant’s admission to practice in the foreign country of admission, or in any other state or jurisdiction in which said consultant has been licensed as an attorney, counselor at law, or equivalent or as a foreign legal consultant, or of any censure, suspension, or expulsion in respect of such admission; and
(7) a duly acknowledged instrument setting forth the applicant’s address within the state of Florida and designating the secretary of state as such person’s agent upon whom process may be served, pursuant to applicable Florida law, with like effect as if served personally upon such applicant, in any action *1266 or proceeding thereafter brought against the applicant arising out of or based upon any legal services rendered or offered to be rendered by such applicant within or to the residents of the state of Florida, whenever after due diligence service cannot be made upon such applicant at such address.
(b) Annual Sworn Statement. A person certified under this chapter as a foreign legal consultant shall submit to The Florida Bar, on an annual basis, a sworn statement attesting to the foreign legal consultant’s good standing as an attorney, counselor at law, or the equivalent in the foreign country in which such person is licensed to practice and shall also include with such statement an annual renewal fee equivalent to annual dues paid by members of The Florida Bar, in good standing, and such other evidence as The Florida Bar shall deem necessary to determine the continuing qualifications of the foreign legal consultant under this chapter.
RULE 16-1.5 WITHDRAWAL OR TERMINATION OF CERTIFICATION
Permission to perform services under this chapter shall cease immediately upon the earliest of the following events:
(a) The filing of a notice by the Supreme Court of Florida, in its discretion, at any time, stating that permission to perform services under this chapter has been revoked. A copy of such notice shall be mailed by the clerk of the court to The Florida Bar and to the foreign legal consultant involved. The foreign legal consultant shall have 15 days to request reinstatement for good cause.
(b) The foreign country in which the foreign legal consultant is admitted to practice discontinues having a professional disciplinary system for attorneys that is generally consistent with that of The Florida Bar.
(c) The failure of the foreign legal consultant to comply with any applicable provisions of this chapter.
RULE 16-1.6 DISCIPLINE
(a) Discipline by Florida Courts. Each person licensed to practice as a foreign legal consultant under this chapter is expressly subject to the Rules of Professional Conduct and to continuing review of such consultant’s qualifications to retain any license granted hereunder, and shall be subject to the disciplinary jurisdiction of the Supreme Court of Florida and the other courts of this state.
(b) Withdrawal of Certification. In addition to any appropriate proceedings and discipline that may be imposed by The Florida Bar or the Supreme Court of Florida under chapter 3 of the Rules Regulating The Florida Bar, the Supreme Court of Florida may, at any time, with or without cause, withdraw certification hereunder.
(c) Notification of Other Jurisdictions. The Florida Bar shall be authorized to notify each entity governing the practice of law in the foreign country in which the foreign legal consultant is licensed to practice law of any disciplinary action taken against the foreign legal consultant.
RULE 16-1,7 SUNSET PROVISION
This chapter shall expire-and all certificates issued hereunder shall likewise expire on January 1, 1998, unless sooner reenacted by-the Supreme-Gourt of Florida.